**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| FLINT DELONG, on behalf of himself and all others similarly situated, | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | NO.   2:23-cv-4356-JHS |
| | : | |
| SPORTSMAN'S GUIDE, INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S [CORRECTED] FIRST AMENDED COMPLAINT**

Defendant Sportsman's Guide, LLC, by and through its undersigned counsel, submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's [Corrected] First Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**FREEMAN MATHIS & GARY, LLP**

Dated: February 8, 2024

Justin J. Boron, Esq.
Attorney ID Number: 324797
James M. Mathew, Esq.
Attorney ID Number: 324719
1600 Market Street, Suite 1210
Philadelphia Pennsylvania
(215) 789 - 4919
jboron@fmglaw.com
jmmathew@fmglaw.com
*Attorneys for Defendant*
*Sportsman's Guide, LLC*

i

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................................ 1

**MATERIAL FACTUAL ALLEGATIONS** ................................................................................ 2

**ARGUMENT** .................................................................................................................................. 3

    **A.  DeLong Cannot Show Article III Standing.** ................................................................ 3

    **B.  Alternatively, DeLong Fails to State a Claim Under WESCA.** ................................... 7

        1.  **DeLong Fails to Allege That There Was An "Intercept" In Pennsylvania.** .............. 7

        2.  **DeLong doesn't allege an "intercept" using a "device" under WESCA.** .................. 7

        3.  **Plaintiff Consented to His Data Being Collected and Transmitted.** ......................... 8

    **C.  Alternatively, DeLong Fails to State A Claim Under UFA.** ........................................ 10

**CONCLUSION** ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 3
*Barclift v. Keyston Credit Servs., LLC*, 585 F. Supp. 3d 748 (E.D. Pa. 2022) ............................. 5
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................................. 3
*Cardoso v. Whirlpool Corp.*, No. 21-CV-60784, 2021 WL 2820822 (S.D. Fla. July 6, 2021)...... 8
*Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249 (3d Cir. 2009) ........................................ 3
*Commonwealth v. Byrd*, 235 A.3d 311 (Pa. 2020). .................................................................. 8
*Commonwealth v. Proetto,* 771 A.2d 823 (Pa. Super. Ct.2001) .................................................. 7
*Commonwealth v. Weisman*, 479 A.2d 1063 (Pa. Super. 1984) ................................................ 7
*Connor v. Whirlpool Corp.*, 2021 WL 3076477 (S.D. Fla. July 6, 2021) .................................... 8
*Cook v. Gamestop, Inc.*, No. 22-1292, 2023 WL 5529772 (W.D. Pa. Aug. 28, 2023). ................ 5
*Doe v. Franklin Cnty.*, 139 A.3d 296 (Pa. Commw. Ct. 2016) ................................................ 10
*In re BPS Direct, LLC*, No. 22-cv-4709, 2023 WL 8458245 (E.D. Pa. Dec. 5, 2023)............ 1, 4-6
*Jacome v. Spirit Airlines*, 2021 WL 3087860 (Fla. Cir. Ct. June 17, 2021).................................. 8
*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ............................................. 3
*Peynado v. Loucks*, 11-cv-1103, 2012 WL 2121176 (M.D. Pa. June 12, 2012) ........................... 3
*Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121 (3d Cir. 2022)................................................... 7
*Potter v. Havlicek*, 2008 WL 2556723 (S.D. Ohio June 23, 2008) ............................................ 8
*Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943 (N.D. Cal. 2017) ................................................ 8
*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) .....................................................1, 3-4 5, 6-7
*United States v. Ackies*, 918 F.3d 190 (1st Cir. 2019) .............................................................. 7

**Statutes**

18 Pa.C.S. § 5702................................................................................................................... 7
18 Pa.C.S. § 5704................................................................................................................... 8
Restatement (Second) of Torts § 652D..................................................................................... 6

**Rules**

Fed. R. Civ. P. 12.............................................................................................................. 3, 6

## INTRODUCTION

This class action is about Plaintiff Flint DeLong's gun purchase on the Web site operated by Defendant Sportsman's Guide, LLC and a data tracking tool installed on the site to develop individualized advertising—specifically, electronic coding known as a Meta Pixel and Listrak. DeLong does not—at least in this lawsuit—take issue with Sportsman's collecting data about his browsing activity on its site, or even with the fact that Sportsman's recorded his purchase of a gun from its site. DeLong asserts that Sportsman's violated wiretapping and gun privacy law because the Meta Pixel and Listrak are third-party devices that gather and transmit his activity and personal information to a third party. There are a number of factual and legal problems with this contention.

But the Court need not reach those issues because DeLong cannot meet the threshold requirement of Article III standing. Whether DeLong has alleged an injury-in-fact is not a new question for this Court. On December 5, 2023, Judge Kearney ruled in the *BPS* multi-district litigation that a plaintiff asserting identical claims as DeLong lacked Article III standing. *See In re BPS Direct, LLC*, No. 22-cv-4709, 2023 WL 8458245 (E.D. Pa. Dec. 5, 2023). Applying the U.S. Supreme Court opinion in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), Judge Kearney held that disclosure of a Web site user's "name, address, Facebook ID, and gun purchase"—the same information Delong alleges was disclosed here—was not sufficient to confer standing. *BPS*, 2023 WL 8458245, at *19. The Court should follow Judge Kearney's ruling in *BPS* and grant Sportsman's' motion to dismiss. Alternatively, were the Court to find Article III standing, it nevertheless should dismiss the suit because DeLong has failed to state a plausible claim under the Pennsylvania Wiretapping and Electronic Surveillance Act ("WESCA") and the Uniform Firearms Act ("UFA").

**MATERIAL FACTUAL ALLEGATIONS**

Sportsman's Guide, LLC is a Minnesota based company with its headquarters in South Saint Paul, Minnesota. *See*, *Plaintiff's [Corrected] First Amended Complaint* (Doc. No. 15 ¶ 7). On August 20, 2022, DeLong purchased a Sig Sauer Semi-automatic, .40 S&W, 3.9" Barrel pistol on sportsmansguide.com. *Id.* at ¶ 6. DeLong has been an active Facebook user since 2013. *Id.* As part of his Facebook use, DeLong concedes that he consented to its Terms of Use, Cookies Policy, and Data Policy. *Id.* at ¶ 45. Sportsman's also has a privacy policy on its Web site. *Id.* at ¶ 43. He concludes that on the date of his gun purchase, Sportsman's was using a Business Tool named Pixel developed by Facebook and Meta ("Facebook") and a separate code named Listrak. *Id.* at ¶67. However, Plaintiff does not allege when either the Meta Pixel or Listrak was added to Sportsman's Web site and simply states that Sportsman's Web site hosts code for each. *Id.* at ¶¶ 16, 36.

Meta Pixel is a piece of code that advertisers can integrate into their Web sites. (Doc. No. 15 ¶ 13). Meta Pixel allows advertisers to create "events" that determine the actions Pixel will collect. *Id.* at ¶14. Sportsman's' Web site had three distinct events. *Id.* at ¶ 16. The first sends Facebook the Uniform Resource Locator ("URL") accessed. *Id.* at ¶ 17. The second registers when a user adds a product to their online shopping cart. *Id.* at ¶ 19. And the third registers when a user clicks a button to add to cart or to checkout. *Id.* at ¶ 21. The "Button Click" event also includes form fields where individuals fill a form with their information. *Id.* at ¶¶ 23-24.

Meta Pixel uses first and third-party cookies. (Doc. No. 15 ¶ 26). First-party cookies are generated by the Web site the user is using; third-party cookies are generated by a Web site other than the one the user is using. *Id.* DeLong alleges that Sportsman's enabled "Automatic Advanced Matching," which he alleges means that the Pixel collects "form fields containing a

user's email address, first name, last name, phone number, gender, zip code, city, and state." *Id.* at ¶ 33. He also alleges that it gathered information about his gun purchase. *Id.*

Listrak is a piece of code that can build a customer's profile. (Doc. No. 15 ¶ 37. Listrak can capture the URL of pages on Sportsman's Web site that users access, information of items added to online carts, and information including name and email address supplied during checkout. *Id.* at ¶¶ 38-40.

## ARGUMENT

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss a complaint when it lacks subject matter jurisdiction. *See Peynado v. Loucks*, 11-cv-1103, 2012 WL 2121176, at *1 (M.D. Pa. June 12, 2012). Plaintiffs "bear the burden of establishing their standing." *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009). Under Rule 12(b)(6), a court may dismiss a complaint when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). DeLong fails to meet his burden under Rules 12(b)(1) and 12(b)(6).

### A. DeLong Cannot Show Article III Standing.

A plaintiff must have standing for the Court to exercise its jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); Fed. R. Civ. P. 12(b)(1). To show standing, a plaintiff must show that he suffered (1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision. *TransUnion*, 594 U.S. at 423. Although it may be intangible, the injury-in-fact must,

nonetheless, be "concrete," "particularized," and "actual or imminent." *Id*. at 423, 426. When a plaintiff bases their injury on a statutory violation—as is the case here—the concrete injury requirement is not met simply because "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 426 (internal citations and quotations omitted). "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427.

DeLong bases his claim on two statutory violations: a violation of Pennsylvania wiretapping law, *i.e.* WESCA, and a violation of its firearms law, *i.e.* UFA. He alleges that he was injured because the Meta Pixel on Sportsman's Web site disclosed his name, address, Facebook ID, and gun purchase and because Listrak collected the same information and his e-m. (Doc. No. 15 ¶¶ 33, 37-41). Supported by the U.S. Supreme Court's opinion in *TransUnion* and other opinions addressing disclosure of private information from courts within the Third Circuit Court of Appeals, this Court has already ruled that a plaintiff does not meet the injury-in-fact requirement by alleging disclosure of these same elements of personal information. *See BPS Direct,* 2023 WL 8458245, at *19. This Court should follow Judge Kearney's application of *TransUnion* and find that like the plaintiffs in *BPS*, DeLong lacks Article III standing.

In *BPS*, there were several MDL plaintiffs asserting varying theories based on tracking tools. Plaintiff David Irvin, a Pennsylvania resident, made claims that are nearly identical to those that DeLong has made here. Irvin alleged in *BPS* that he purchased a firearm from Cabela's, LLC, through its Web site and that the Web site used Meta Pixel to collect and send his data to Facebook. Judge Kearney found that Irvin failed to "adequately plead [he] suffered a concrete harm arising from [his] website visits" and held that the information allegedly collected amounts to "basic personal information, which is not sufficiently private to confer standing."

4

*BPS Direct,* 2023 WL 8458245, *at 6, 14. He reasoned that Irvin needed to show that Cabela's "captured non-anonymized and unencrypted highly sensitive personal information such as medical diagnosis information or financial data from banks or credit cards." *Id* at 16, 20. Judge Kearney dismissed Irvin's complaint. *Id*. at 19-20.

Here and like the plaintiff in *BPS*, DeLong doesn't allege disclosure of any personal information like a medical diagnosis, a social security number, or financial data; in fact, DeLong alleges essentially the same information as Irvin alleged was disclosed in *BPS* be it through Pixel or Listrak. The facts between BPS and this case track; the outcome should as well.

To avoid the outcome in *BPS*, DeLong could resort to an interpretation of *TransUnion* that Judge Kearney and other courts within the Third Circuit have rejected: that the court must only determine "whether the harm the statute protects against is *of the same general type* traditionally recognized as a basis for a lawsuit" and "if it is, then Congress may elevate the harm to a legally cognizable injury under the statute and we may find standing even if the *quantity or extent* of the harm differs." *BPS*, 2023 WL 8458245, at *7. Put differently, DeLong must argue that the nature and sensitivity of the personal information is irrelevant, and that disclosure of *any* personal information is sufficient to meet the injury-in-fact requirement. In *Cook v. Gamestop, Inc.*, Judge Ranjan in the Western District of Pennsylvania refused to adopt this expansive view of *TransUnion* as "circular" because it "folds back onto a bare statutory violation." No. 22-1292, 2023 WL 5529772 (W.D. Pa. Aug. 28, 2023). *See also Massie v. Gen. Motors LLC*, No. 21-0787, 2022 WL 534468 (D. Del. Feb. 17, 2022) (holding that eavesdropping' on communications that do not involve sensitive personal information "over which a party has a reasonable expectation of privacy does not amount to a concrete injury."). Judge Kearney agreed with this view. And so should this Court.

Alternatively, and rather than force a dubious interpretation of *TransUnion*, DeLong could argue his wiretapping law claims assert eavesdropping that is sufficiently similar to common law invasion of privacy or intrusion upon seclusion. That argument also has failed because those common law torts required "publicity." In *Barclift v. Keyston Credit Servs., LLC*, a plaintiff sued the defendant for disclosing her personal information to a mail vendor. Judge Leeson held that she lacked standing. He reasoned that disclosing personal information to "a small group of persons is not publicity. 585 F. Supp. 3d 748, 758-59 (E.D. Pa. 2022). *See also Tureen v. Equifax, Inc*., 571 F.2d 411, 418 (8th Cir. 1978)(holding that "invasion of privacy requires publicity in the broad, general sense of the word 'public.'").

Judge Kearney also adopted the reasoning from *Barclift* in rejecting the plaintiff's argument that his claims were analogous to intrusion upon seclusion: "[Irvin] does not allege widespread disclosure or disclosure 'to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.'" *BPS*, 2023 WL 8458245, at *19 (quoting Restatement (Second) of Torts § 652D cmt. a.). *See also Burris v. Weltman, Weinberg & Reis, Co., L.P.A.*, No. 21-cv-01923, 2022 WL 3580766, at *7-8 (M.D. Pa. Aug. 19, 2022). DeLong doesn't allege that the Meta Pixel or Listrak disclosed his private information broadly. And in any event, he, like every Facebook user, consented to be governed by Facebook's privacy policies and was on notice of Sportsman's' privacy policies. Based on *BPS*, the Court should find that DeLong has failed to show a sufficient injury-in-fact to meet Article III standing requirements.

Finally, DeLong asks for injunctive relief. As Judge Kearney recognized in *BPS*, DeLong cannot allege that he will visit Sportsman's' Web site in the future without knowledge of the Meta Pixel or Listrak; this fact forecloses standing based on the risk of future harm. 2023 WL

6

8458245, at *21 (citing authorities therein). The Court should dismiss the [Corrected] First Amended Complaint without prejudice under Rule 12(b)(1).

**B.     Alternatively, DeLong Fails to State a Claim Under WESCA.**

WESCA prohibits a person from "intentionally . . . procur[ing] any other person to intercept or endeavor to intercept any wire, electronic or oral communication." 18 Pa.C.S. § 5703(1). DeLong fails to state a claim because he (1) doesn't allege an intercept in Pennsylvania; (2) doesn't allege an "intercept" using a "device"; and (3) cannot avoid his consent to Facebook collection and use of his personal data.

**1.     DeLong Fails to Allege That There Was An "Intercept" In Pennsylvania.**

WESCA doesn't apply to "intercepts" that occur wholly outside of Pennsylvania. *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121 (3d Cir. 2022). *See also Larrison v. Larrison*, 750 A.2d 895, 898 (Pa. Super. Ct. 2000) (declining to extend "WESCA to cover conduct occurring wholly outside the Commonwealth"). In cases where electronic communication occurs over the Web, "the place of interception is the point at which the signals were routed to NaviStone's servers." *Id*. DeLong doesn't allege where the signals were routed. At best, he claims the code is stored on Sportsman's' Web site and acknowledges that Sportsman's is based outside of Pennsylvania. (Doc. No. 15 ¶¶ 7, 13, 16). DeLong cannot proceed on a WESCA claim based on a guess as to a critical element. The Court should dismiss Count I with prejudice.

**2.     DeLong doesn't allege an "intercept" using a "device" under WESCA.**

An "intercept" is an essential element of a WESCA claim. *See Commonwealth v. Proetto,* 771 A.2d 823, 832 (Pa. Super. Ct.2001). While Plaintiff alleges data was intercepted, his use of the word intercepted does not meet its definition under WESCA. (Doc. 15. ¶¶ 2, 8, 36-41, 43-44, 52). WESCA defines "intercept" as "[a]ural or other acquisition of the contents of any wire,

electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa.C.S. § 5702. The term "electronic, mechanical or other device" means "[a]ny device or apparatus, including, but not limited to, an induction coil or a telecommunication identification interception device, that can be used to intercept a wire, electronic or oral communication." 18 Pa.C.S. § 5702 (exceptions omitted). "Device" is not defined. But "under the common and approved usage," the Pennsylvania Superior Court defined it as "a machine, gadget, apparatus, or the like." *Commonwealth v. Weisman*, 479 A.2d 1063, 1065 (Pa. Super. 1984).

Several other courts have reached similar definitions excluding software from the definition of device. *See, e.g, United States v. Ackies*, 918 F.3d 190, 199 (1st Cir. 2019) ("software is not a 'device' under its plain meaning."); *Potter v. Havlicek*, 2008 WL 2556723, at *8 (S.D. Ohio June 23, 2008) (dismissing federal wiretap claim because "the word 'device' does not encompass software"); *Jacome v. Spirit Airlines*, 2021 WL 3087860, at *5 (Fla. Cir. Ct. June 17, 2021) (dismissing Florida wiretap claim because session replay software is not a "device or apparatus"); *Cardoso v. Whirlpool Corp.*, No. 21-CV-60784-WPD, 2021 WL 2820822, at *2 (S.D. Fla. July 6, 2021) (same); *Connor v. Whirlpool Corp.*, 2021 WL 3076477, at *2 (S.D. Fla. July 6, 2021) (same). DeLong concedes that the Meta Pixel and Listrak are nothing more than electronic code. (Doc. No. 15 ¶¶ 13, 16, 30, 36, 67). Because there is no dispute that DeLong is basing his WESCA claim on software rather than a "device," the Court should dismiss Count I with prejudice.

### 3. Plaintiff Consented to His Data Being Collected and Transmitted.

WESCA contains a mutual consent exception that applies where "all parties to the communication have given prior consent to such interception." 18 Pa.C.S. § 5704(4). Under WESCA, "prior consent" doesn't require "actual knowledge" that the person is being recorded.

*See Popa*, 52 F.4th at 132. Instead, "prior consent under the mutual consent exception is based on whether an individual knew or should have known they were being recorded." *Commonwealth v. Byrd*, 235 A.3d 311, 313 (Pa. 2020).

DeLong alleges that Facebook's Data Policy states that Facebook "collects information from its 'Meta Business Tools,' including 'our social plug-ins (such as the Like button), Facebook Login, our APIs and SDKs, or the Meta pixel.' Specifically, Facebook acknowledges that 'partners receive your data when you visit or use their services or through third parties they work with.'" (Doc. No. 15 ¶ 47). This disclosure has been held to sufficiently disclose the conduct at issue here. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 954–55 (N.D. Cal. 2017) (finding Facebook's policies disclose "the precise conduct at issue" and therefore constitute adequate notice).

Sportsman's' publicly posted privacy policy also discloses that it uses third-party cookies and tracking software:

> …
>
> <u>Information collected automatically online</u>. We collect information about your interactions with us, including the type of device or browser you're using, your IP address, your browsing behavior while on our website, and the URLs of the websites you were at before you visited our site (these are called "referring URLs").
> SG and our partners use technologies such as cookies or similar technologies to analyze trends, administer the website, track users' movements around the website, and to gather demographic information about our user base as a whole. Users can control the use of cookies at the individual browser level.
>
> We may permit third-party service providers to collect and process some information from our digital properties. We may share personal information with those providers and may have similar arrangements with interest-based advertisers. We provide more information about interest-based ads below. Our

9

digital properties are not designed to respond to "do not track" requests from browsers.[1]

Based on his consent to Facebook/Meta's Terms of Service, the Cookies Policy, and the Data Policy, [Doc. No. 15 ¶ 45] and constructive knowledge of Sportsman's' disclosure that it used third party cookies, which includes the code for Listrak, DeLong was on notice of a recording and consented under WESCA. The Court should dismiss Count I with prejudice.

### C. Alternatively, DeLong Fails to State A Claim Under UFA.

UFA prohibits the disclosure of an "applicant's name or identity" to a person not (1) authorized to receive such information by statute; (2) involved in the operation or management of the sheriff's office; (3) representing a law enforcement or criminal justice agency; or (4) **otherwise authorized by an applicant**." *Doe v. Franklin Cnty.*, 139 A.3d 296, 307 (Pa. Commw. Ct. 2016)(emphasis added). As discussed above, DeLong authorized Facebook/Meta, Sportsman's, and through Sportsman's privacy policy, Listrak to receive his personal information. And in any event, it was not disclosed to the public. For the same reason that Judge Leeson rejected the plaintiff's claims in *Barclift*, the Court should reject DeLong's UFA claims. He cannot show that his personal information was made "public" under any definition of the word. The Court should dismiss Count II with prejudice.

## CONCLUSION

Based on all of the above, this Court should dismiss Plaintiff's [Corrected] First Amended Complaint in its entirety, without prejudice for lack of Article III standing. Alternatively, were the

---

[1] *See* Archive of Sportsman'sWeb site:
https://web.archive.org/web/20220814104444/https://www.Sportsman'ssguide.com/ourcompany/privacypolicy .
The Court may consider this Web site. *See e.g., In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (In ruling on a motion to dismiss, a court may consider a "document integral to or explicitly relied upon in the complaint.").

Court to find that Article III standing, the Court should dismiss the [Corrected] First Amended Complaint with prejudice for failure to state a claim for relief.

                                                    Respectfully submitted,

                                                    **FREEMAN MATHIS & GARY, LLP**

Dated: <u>February 8, 2024</u>         By:    */s/ James M. Mathew*
                                                                    Justin J. Boron, Esq.
                                                                    Attorney ID Number: 324797
                                                                    James M. Mathew, Esq.
                                                                    Attorney ID Number: 324719
                                                                    1600 Market Street, Suite 1210
                                                                    Philadelphia Pennsylvania
                                                                    (215) 789 - 4919
                                                                    jboron@fmglaw.com
                                                                    jmmathew@fmglaw.com
                                                                    *Attorneys for Defendant*
                                                                    *Sportsman's Guide, LLC*